UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| PATRICIA SISK AND TONY SHULTS | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO.2:02-CV-160 |
| | ) | |
| JOHN RICHARD MARSHALL, CRETE CARRIER CORPORATION, CON-AGRA GROCERY PRODUCTS COMPANY, and TAMMY CASEY | ) ) ) ) | |

and

| IN RE: THE ESTATE OF BILLIE H. GUNTER, by RICK GUNTER | ) ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO.2:02-CV-222 |
| | ) | |
| JOHN RICHARD MARSHALL, CRETE CARRIER CORPORATION, CON-AGRA GROCERY PRODUCTS COMPANY, and TAMMY CASEY | ) ) ) ) | |

## **O R D E R**

These consolidated motor vehicle accident complaints are before the Court to address a Motion for Summary Judgment filed by the defendant Con-Agra Grocery Products Company, [Doc. 25 in NO.2:02-CV-222] and a Motion for Summary Judgment filed by Tammy Casey. [Doc. 50 in NO.2:02-CV-160 and Doc. 29 in

NO.2:02-CV-222]. On May 22, 2003, these cases were consolidated and the parties were ordered to file all future documents in NO.2:02-CV-160. The parties have failed to comply with this order and have piecemeal electronically filed documents in both cases.

In regard to the Motion for Summary Judgment filed by Tammy Casey based upon a statute of limitations defense, the plaintiffs contend that she has waived this defense because she did not assert this defense in her answers to their complaints but has raised this defense for the first time in her motion for summary judgment. Contrary to the plaintiffs' assertions, Tammy Casey did raise the defense of statute of limitations in paragraph 23 of her answer. The motor vehicle accident that is the subject of this law suit occurred on April 8, 2002. The plaintiff Rick Gunter moved to amend his complaint to add Tammy Casey on February 2, 2004. [Doc. 32 in NO.2:02-CV-160]. The plaintiffs Patricia Sisk and Tony Shults moved to amend their complaint to add Tammy Casey on March 29, 2004. [Doc. 35 in NO.2:02-CV-160]. Clearly, these amended complaints against Tammy Casey are barred by the one year statute of limitations set out in *Tenn. Code Ann.* § 28-3-104. Accordingly, it is hereby **ORDERED** that the Motions for Summary Judgment filed by Tammy Casey are **GRANTED**, [Doc. 50 in NO.2:02-CV-160 and Doc. 29 in NO.2:02-CV-222], and that the plaintiffs' complaints against this defendant are **DISMISSED**.

Inexplicably, the defendant Con-Agra Grocery Products Company ["ConAgra"] has only filed a motion for summary judgment in regard to NO.2:02-CV-

2

Case 2:02-cv-00160   Document 68   Filed 02/24/05   Page 2 of 4   PageID #: 119

222. Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Vaughn v. Watkins Motor Lines, Inc.,* 291 F.3d 900, 903 (6th Cir. 2002).

Considering the evidence in light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable inferences, the Court finds that there is a material dispute of fact in regard to whether or not ConAgra was negligent in its design of its driveways and the designation of traffic flow from its warehouse facilities which is alleged to have caused the accident in question and the death of the plaintiff. Accordingly, it is hereby **ORDERED** that the defendant's motion for summary judgment is **DENIED**.

The parties have failed to file their joint report on the suitability of this case for mediation which was due on February 7, 2005. Pursuant to LR16.4 of the Local Rules of the United States District Court for the Eastern District of Tennessee, it is hereby **ORDERED** that this case proceed to mediation within the next sixty (60) days.

3

It is also hereby **ORDERED** that the final pretrial and the trial of this cause are **CANCELLED**.

The parties shall report on the results of mediation on or before May 2, 2005. If mediation has been unsuccessful, this case will be reassigned for trial at that time.

ENTER:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE